JOHNSON & PHAM, LLP
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
        E-mail: mchaney@johnsonpham.com
Nicole Drey Huerter, SBN: 250235
        E-mail: ndrey@johnsonpham.com
Hung Q. Pham, SBN: 276613
        E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:     (818) 888-7540
Facsimile:      (818) 888-7544

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>SAMUEL ACHEAMPONG, an Individual; and DOES 1-10, Inclusive,<br><br>              Defendants. | Case No.:  5:17-cv-02749<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114 / *Lanham Act* §32(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN / FALSE OR MISLEADING ADVERTISING / UNFAIR COMPETITION [15 U.S.C. §1125(a) / *Lanham Act* §43(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. §1125(c)];**<br>**(4) FEDERAL COPYRIGHT INFRINGEMENT [17 U.S.C. §501(a)]; AND**<br>**(5) UNLAWFUL / UNFAIR / FRAUDULENT BUSINESS PRACTICES [*California Business & Professions Code* §17200]**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiff ADOBE SYSTEMS INCORPORATED to hereby file its Complaint for Damages against Defendant SAMUEL ACHEAMPONG and DOES 1-10, inclusive (collectively, "Defendants").

## PARTIES

1.      Plaintiff ADOBE SYSTEMS INCORPORATED (hereinafter "Plaintiff" or "Adobe") is now, and was at the time of the filing of this Complaint and at all intervening times, a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in San Jose, California.

2.      Plaintiff is informed and believes that Defendant SAMUEL ACHEAMPONG (hereinafter "Acheampong") is an individual residing in Columbus, Ohio. Plaintiff is informed and believes that Defendant Acheampong does business in the State of California and specifically in the Northern District of California.

3.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

4.      Plaintiff further alleges that Defendants Acheampong and DOES 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible upon the causes of action hereinafter set forth.

5.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendants Acheampong and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION

6.      This Court has federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338 (a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin / false or misleading advertising / unfair competition, and dilution under the *Lanham Act* (15 U.S.C. §1051 *et seq.*), and copyright infringement under 17 U.S.C. §501(a).  This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. §§1367(a) and 1338 (a) and (b).

**COMPLAINT FOR DAMAGES**

7.     Personal jurisdiction exists over Defendants because on information and belief, Defendants conduct business in California and within this judicial district, have purposefully directed their actions to California and this judicial district, and/or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

8.     This Court has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Specifically, Defendants have committed acts of willful infringement and unfair competition in this district. In connection therewith, Defendants have advertised, offered to sell, sold and distributed unauthorized and/or counterfeit software products that infringe the trademarks and copyrights of Plaintiff, a Northern California-based software company, using multiple seller IDs on the Northern California-based platform located at www.ebay.com and the Northern California-based payment processing services of PayPal, Inc., all while knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said unauthorized and/or counterfeit software products from Defendants, believing them to be authorized goods manufactured and distributed by the Northern California-based Plaintiff or its authorized distributors. Both Plaintiff and these California consumers have felt substantial harm in California and this judicial district.

9.     Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b), because on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district and has caused damages to Plaintiff in this district. Venue is also proper, *inter alia*, pursuant to 28 U.S.C. §1400, because on information and belief, Defendants may be found in this judicial district through their minimum contacts with the Northern District of California. Supplemental or pendent jurisdiction exists over any remaining claims due to the fact that all claims alleged herein are so closely related that they arise from the same nexus of facts and form part of the same case or controversy.

- 3 -
**COMPLAINT FOR DAMAGES**

**INTRADISTRICT ASSIGNMENT**

10.    Pursuant to Rule 3-2(c) of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California ("Civil L.R.") and the Court's Assignment Plan, this is an Intellectual Property Action to be assigned on a district-wide basis.

11.    Assignment to the San Jose Division would be appropriate, pursuant to Civil L.R. 3-2(e), because a substantial part of the events that give rise to Plaintiff's claims against Defendants occurred in Santa Clara County, California, where Plaintiff's principal place of business is located.

**GENERAL ALLEGATIONS**

**Plaintiff and its Famous ADOBE® Software Products**

12.    Plaintiff is a global leader in developing and distributing innovative computer software.  Its products and services offer developers and enterprises tools for creating, managing, delivering and engaging with compelling content across multiple operating systems, devices and media.  The software industry is competitive, and Plaintiff undertakes great expense and risk in conceiving, developing, testing, manufacturing, marketing, and delivering its software products to consumers.  Software piracy undermines Plaintiff's investment and creativity, and misleads and confuses consumers.

13.    The success of Plaintiff's ADOBE®, ACROBAT®, and ILLUSTRATOR® products and services, among others (collectively referenced and referred to herein as "Adobe-Branded Software"), is due in part to Plaintiff's marketing and promotional efforts.  These efforts include advertising and promotion through Plaintiff's websites, print and other Internet-based advertising, among other efforts.  Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its Adobe-Branded Software and the associated marks thereto.

14.    The success of the Adobe-Branded Software, and other products and services related thereto, is not due to Plaintiff's promotional efforts alone.  Rather, the popularity of

Adobe-Branded Software is also due in part to consumers and the word of mouth buzz consumers have generated.

15.    As a result of Plaintiff's efforts, the quality of Plaintiff's products, and the promotion and word of mouth buzz, Adobe-Branded Software and the associated marks thereto have been prominently placed in the minds of the public.  Consumers, purchasers and members of the public have become familiar with Plaintiff's software and other products and services and have come to recognize Adobe-Branded Software and the associated marks thereto and associate them exclusively with Plaintiff.  Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association.  Indeed, Adobe-Branded Software and the associated marks thereto are famous in the United States and throughout the world and have acquired secondary meaning in the minds of consumers.

16.    While Plaintiff has gained significant common law trademark and other rights in its Adobe-Branded Software through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark and copyright registrations.

17.    Plaintiff has secured registrations for its ADOBE®, ACROBAT®, and ILLUSTRATOR® word and design trademarks, among others, with the United States Patent and Trademark Office ("USPTO"). A non-exhaustive list of Plaintiff's trademark registrations is attached hereto as **Exhibit A** (collectively referenced and referred to herein as "Adobe's Trademarks"). Specifically, Plaintiff owns and has registered the following marks:

(i)     "ADOBE," USPTO Reg. No. 1,475,793

(ii)    "A ADOBE," USPTO Reg. No. 1,901,149

**COMPLAINT FOR DAMAGES**

(iii)   "A," USPTO Reg. No. 2,081,343



(iv)   "ACROBAT," USPTO Reg. No. 1,833,219

(v)   "ACROBAT," USPTO Reg. No. 3,652,382

# ACROBAT

(vi)   "A," USPTO, Reg. No. 1,852,943



(vii)   "ILLUSTRATOR," USPTO Reg. No. 2,060,488

18.    Similarly, Plaintiff's Adobe-Branded Software is copyrightable subject matter, and Plaintiff has secured copyright registrations for various versions of its software, specifically including but not limited to ADOBE ACROBAT 9 PRO FOR WINDOWS AND MACINTOSH (TX 6-861-289), ADOBE ACROBAT XI PRO (TX 7-624-519), ADOBE ACROBAT PRO DC (TX 8-155-360), and ADOBE ILLUSTRATOR CS4 (TX 6-898-753), among others, with the United States Copyright Office.  A non-exhaustive list of Plaintiff's copyright registrations is attached hereto as **Exhibit B** (collectively referenced and referred to herein as "Plaintiff's Copyrights").

## Defendants' Wrongful and Infringing Conduct

19.    Particularly in light of the success of Plaintiff and Plaintiff's products as well as the reputation they have gained, Plaintiff and its well-recognized products have become targets

- 6 -
**COMPLAINT FOR DAMAGES**

1  for unscrupulous individuals and entities who wish to take a free ride on the goodwill, reputation

2  and fame Plaintiff has spent considerable effort to build up in its products and marks and the

3  works embodied in Plaintiff's software products.

4        20.    A large number of individuals and entities deal in unauthorized, infringing,

5  pirated and/or counterfeit Adobe-Branded Software products and other products and services,

6  including but not limited to the famous ADOBE®, ACROBAT®, and ILLUSTRATOR®

7  products.   Their actions vary and include manufacturing, copying, exporting, importing,

8  advertising, promoting, selling, and distributing counterfeit and/or otherwise unauthorized

9  Adobe-Branded Software products.

10        21.    Counterfeit products are extremely damaging to Plaintiff and its intellectual

11  properties as well as the consumers who purchase these products. Counterfeit products often

12  contain viruses or malware, which can harm the purchaser's computer and steal their personal

13  information. Even absent such viruses or malware in the counterfeit products themselves,

14  counterfeit products do not allow for any updates or security patches, as Plaintiff's authentic

15  software does, leaving the customer's computer, personal information and the software itself

16  vulnerable to outside viruses and malware. In turn, Plaintiff's reputation and goodwill suffers

17  because these customers blame Plaintiff, who they believe to be the original source of the

18  software.

19        22.    Plaintiff investigates and enforces against such piratical and counterfeiting

20  activity regularly and through such efforts learned of Defendants and Defendants' actions

21  advertising, offering for sale, selling and/or distributing infringing and/or counterfeit Adobe-

22  Branded Software products within the United States. Defendants use the services of the Northern

23  California-based eBay, Inc.'s Internet sales platform, located at www.ebay.com (hereinafter

24  "eBay"). Defendants offer for sale, sell and distribute their unauthorized and/or counterfeit

25  Adobe-Branded Software through a multitude of seller IDs, including but not limited to

26  "akejus2," "tut.ke7," and "lilfat310flife," among others.

27        23.    For every sale made through eBay, Defendants transact payment through the

28  Northern District of California-based, PayPal, Inc. (hereinafter "PayPal"). All money received by

- 7 -
**COMPLAINT FOR DAMAGES**

Defendants flows through California through the website and payment processor located at www.paypal.com.

24.     Plaintiff has never authorized or consented to Defendants' use of Plaintiff's Trademarks, or any confusingly similar mark, or Plaintiff's Copyrights.  Specifically, Plaintiff has never authorized Defendants to manufacture, copy, sell, distribute, or alter any of Plaintiff's Copyrights or use any of Plaintiff's Trademarks on or in connection with such copied, sold, distributed, or altered Adobe-Branded Software.

25.     Defendants advertise, offer for sale, sell and/or distribute counterfeit copies of Adobe-Branded Software. These disks, which were not manufactured or authorized for manufacture by Plaintiff, contain unauthorized versions of Plaintiff's Copyrights bearing counterfeit replicas of Adobe's Trademarks.

26.     On or about November 6, 2015, Plaintiff's investigator, from the State of California, purchased a purported "Adobe Acrobat XI Pro (Retail) (1 User/s) – Full Version for Windows 65195200" from Defendants' eBay account "akejus2" for a cost of $150.00. Payment was made through PayPal to "Samuel Acheampong" with an email address of "bigpinpin89@gmail.com." On or about November 12, 2015, Plaintiff's investigator received a package pursuant to this order with a return address of "FRANK WOODLAND, 2405 HANNAWAY LN, COLUMBUS OH 43229-6881." The package contained a copy of software purporting to be ADOBE ACROBAT XI PRO© contained in packaging virtually identical to Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

27.     Plaintiff then inspected the disc and packaging and confirmed that the Adobe-Branded Software provided by Defendants pursuant to the November 6, 2015, order contained a copy of ADOBE ACROBAT XI PRO©. Plaintiff also confirmed that the disc and packaging were  counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff. Moreover, the serial number affixed to the counterfeit product was counterfeit and would not decode.

28.     Additionally, on November 16, 2015, Plaintiff's investigator, also from the State of California, purchased a purported "Adobe Acrobat XI Pro Retail Full Version for Windows"

- 8 -
**COMPLAINT FOR DAMAGES**

from Defendants' eBay account "tut.ke7" for a cost of $170.13. Payment was made through PayPal to "Samuel Acheampog" with an email address of "bigrob42go@gmail.com." On or about November 23, 2015, Plaintiff's investigator received a package pursuant to this order with a return address of "KENDRICK ROBBINSON, 2405 HANNAWAY LN, COLUMBUS OH 43229-6881." The package contained a copy of software purporting to be ADOBE ACROBAT XI PRO© contained in packaging virtually identical to Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

29.     Plaintiff then inspected the disc and packaging confirmed that the Adobe-Branded Software provided by Defendants pursuant to the November 16, 2015, order contained a copy of ADOBE ACROBAT XI PRO©. Plaintiff also confirmed that the disc and packaging were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff. Moreover, the serial number affixed to the counterfeit product was counterfeit and would not decode.

30.     On January 26, 2016, Plaintiff sent a cease and desist notice to Defendants at the package address, which had been confirmed as the residence of Defendant Acheampong. The cease and desist notice was accompanied by a draft complaint, which would initiate a lawsuit against Defendants in California. On February 23, 2016, Plaintiff sent a follow-up correspondence to Defendants via email. On March 7, 2016, Plaintiff sent yet another follow-up correspondence to Defendants via email. Defendants failed to respond to any of Plaintiff's correspondences but removed all Adobe items from sale.

31.     On November 4, 2016, Plaintiff's investigator, from the State of California, purchased a purported "Adobe Acrobat 9 Pro for Windows – FULL Retail Version" from a third eBay account – "lilfat310flife" – for a cost of $78.40. Payment was made through PayPal to "Samuel Achiampong" with an email address of "lilfatt847@gmail.com." On or about November 11, 2016, Plaintiff's investigator received a package pursuant to this order with a return address of "PHILIP BENSON, 2405 HANNAWAY LN, COLUMBUS OH 43229-6881." The package contained a copy of software purporting to be ADOBE ACROBAT 9 PRO FOR

**COMPLAINT FOR DAMAGES**

WINDOWS AND MACINTOSH© contained in packaging virtually identical to Plaintiff's packaging, complete with Plaintiff's Trademarks and Copyrights.

32.    Plaintiff then inspected the disc and packaging and confirmed that the Adobe-Branded Software provided by Defendants pursuant to the November 4, 2016, order contained a copy of ADOBE ACROBAT 9 PRO FOR WINDOWS AND MACINTOSH©. Plaintiff also confirmed that the disc and packaging were counterfeit and had not been manufactured or authorized to be manufactured by Plaintiff. Moreover, the serial number affixed to the counterfeit product was counterfeit and would not decode.

33.    On February 7, 2017, Plaintiff then sent one last cease and desist notice to Defendants, again with a draft complaint. Defendants have not responded, warranting the filing of the instant lawsuit.

34.    On information and belief, it has become apparent to Plaintiff that Defendants are engaged in an ongoing piratical concern whose primary business consists of systematically infringing upon Plaintiff's Trademarks and Copyrights in order to generate substantial illegal revenues.

35.    By these sales and on information and belief, Defendants have advertised, marketed, offered for sale, sold and distributed numerous counterfeit and/or unauthorized Adobe-Branded Software products to consumers that infringe on Plaintiff's Trademarks and Copyrights, resulting in thousands if not millions of dollars in ill-begotten gains from Defendants' infringement. Defendants' dealings in counterfeit and/or unauthorized software products violate Plaintiff's exclusive rights in Plaintiff's Copyrights and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiff's Trademarks to confuse consumers and aid in the promotion and sales of Defendants' unauthorized product.

36.    Defendants' conduct and use began long after Plaintiff's adoption and use of its ADOBE®, ACROBAT®, and ILLUSTRATOR® word and design trademarks, after Plaintiff obtained the copyright and trademark registrations alleged above, and after Plaintiff's Trademarks became famous.  Indeed, Defendants had knowledge of Plaintiff's ownership of the

Trademarks, and of the fame in such Trademarks, prior to the actions alleged herein and adopted them in bad faith and with intent to cause confusion and dilute Plaintiff's Trademarks. Defendants also had knowledge of Plaintiff's ownership of its Copyrights and copied, imported, offered for sale, sold, and/or distributed unauthorized copies of the Copyrights in order to illegally profit from Plaintiff's Copyrights.

37.    Having been put on notice by Plaintiff's numerous cease and desist correspondences, Defendants' actions were committed with full knowledge that their conduct constituted infringement of Plaintiff's Trademarks and Copyrights.

38.    Defendants' actions were committed in bad faith and with the intent to dilute Plaintiff's Trademarks, and to cause confusion, mistake or to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

39.    In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which has and will continue to cause irreparable harm to Plaintiff:  (i) infringed and diluted Plaintiff's rights in Plaintiff's Trademarks; (ii) infringed Plaintiff's Copyrights; (iii) applied counterfeit marks; (iv) misled the public into believing there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (v) used false designations of origin on or in connection with its goods and services; (vi) committed unfair competition; (vii) contributorily and vicariously infringed Plaintiff's Trademarks; (viii) contributorily and vicariously infringed Plaintiff's Copyrights; and (ix) unfairly profited from such activity.  Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

### **FIRST CAUSE OF ACTION**

**(Infringement of Registered Trademarks against Defendants SAMUEL ACHEAMPONG, and DOES 1-10, Inclusive)**

**[15 U.S.C. §1114/*Lanham Act* §32(a)]**

40.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-39.

**COMPLAINT FOR DAMAGES**

41.     Plaintiff has continuously used Plaintiff's Trademarks in interstate commerce since at least as early as 1993.

42.     Plaintiff, as the owner of all right, title and interest in and to Plaintiff's Trademarks, has standing to maintain an action for trademark infringement under the Trademark Statute, 15 U.S.C. §1114.

43.     Defendants are, and at the time of their actions complained of herein were, actually aware that Plaintiff is the registered trademark holder of Plaintiff's Trademarks.

44.     Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of Plaintiff's Trademarks to deal in and commercially distribute, market and sell Adobe-Branded Software products bearing Plaintiff's Trademarks into the stream of commerce.

45.     Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of Plaintiff's registered marks in connection with the sale, offering for sale, and/or distribution of Defendant's software products by importing, offering, advertising, promoting, retailing, selling, and/or distributing counterfeit and/or unauthorized copies of Adobe-Branded Software bearing Plaintiff's Trademarks.

46.     Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution and/or advertising of goods.  Defendants thereupon imported, offered, advertised, promoted, retailed, sold, and/or distributed counterfeit and/or unauthorized Adobe-Branded Software bearing Plaintiff's Trademarks.

47.     Defendants' egregious and intentional use and sale of counterfeit and/or unauthorized items bearing Plaintiff's Trademarks is likely to cause confusion or mistake, or to deceive, mislead, betray, and defraud consumers who believe that items being offered for sale by Defendants are authorized products manufactured and distributed by Plaintiff.

48.     Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in Plaintiff's Trademarks.  Defendants' acts have been committed with knowledge that their conduct infringes Plaintiff's rights in Plaintiff's Trademarks.  Defendants have acted willfully, in bad faith, and with the intent to cause confusion, mistake or to deceive.

49.     Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to Plaintiff's Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law.  Thus, Plaintiff requests injunctive relief, including but not limited to preliminary relief.

50.     Defendants' continued and knowing use of Plaintiff's Trademarks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 U.S.C. §1114.  Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by sections 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin / False or Misleading Advertising / Unfair Competition**

**against Defendants SAMUEL ACHEAMPONG, and DOES 1-10, Inclusive)**

**[15 U.S.C. §1125(a)/*Lanham Act* §43(a)]**

51.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-50.

52.     Plaintiff, as the owner of all common law right, title, and interest in and to Plaintiff's Trademarks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, *Lanham Act* §43(a) (15 U.S.C. §1125). Plaintiff's Trademarks are inherently distinctive and/or have acquired distinctiveness.

53.     Defendants have, without authorization, on or in connection with their goods and services, used in commerce marks that are confusingly similar to Plaintiff's Trademarks and/or have made false designations of origin which are likely to cause confusion, mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

- 13 -
**COMPLAINT FOR DAMAGES**

54.     Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured Plaintiff and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial. Defendants' actions are causing and will continue to cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's Trademarks.

55.     On information and belief, the conduct of Defendants has been knowing, deliberate, willful, and intended to cause confusion, mistake or deception, all in blatant disregard of Plaintiff's rights.

56.     Defendants knew or, by the exercise of reasonable care, should have known that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's Trademarks would cause confusion, mistake, or deception among purchasers, users and the public.

57.     Defendants' egregious and intentional use and sale of counterfeit and/or unauthorized software bearing Plaintiff's Trademarks unfairly competes with Plaintiff and is likely to cause confusion, mistake or to deceive, mislead, betray, and defraud consumers to believe that Defendants' unauthorized products are genuine, authorized Adobe-Branded Software.

58.     Defendants' continuing and knowing use of Plaintiff's Trademarks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the *Lanham Act*, 15 U.S.C. §1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

59.     Defendants' wrongful conduct has permitted or will permit them to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of its marks as commercial assets in an amount as yet unknown but to be determined at trial.

1    Plaintiff seeks an accounting of Defendants' profits and requests that the Court grant Plaintiff

2    three times that amount in the Court's discretion.

3          60.    Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief,

4    including but not limited to preliminary relief, as well as monetary damages and other remedies

5    as provided by the *Lanham Act*, including Defendants' profits, treble damages, reasonable

6    attorneys' fees, costs and prejudgment interest.

7                              **THIRD CAUSE OF ACTION**

8    **(Trademark Dilution against Defendants SAMUEL ACHEAMPONG, and DOES 1-10,**

9                                    **Inclusive)**

10                              **[15 U.S.C. §1125(c)]**

11         61.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-60.

12         62.    Plaintiff's Trademarks are distinctive and famous within the meaning of the

13   *Lanham Act*.

14         63.    Upon information and belief, Defendants' unlawful actions began long after

15   Plaintiff's Trademarks became famous, and Defendants acted knowingly, deliberately and

16   willfully with the intent to trade on Plaintiff's reputation and to dilute or tarnish Plaintiff's

17   Trademarks.  Defendants' conduct is willful, wanton and egregious.

18         64.    Defendants' intentional sale of counterfeit and/or unauthorized software bearing

19   Plaintiff's Trademarks is likely to cause confusion, mistake, or to deceive, mislead, betray, and

20   defraud consumers to believe that Defendants' substandard and/or limited software are

21   authorized, full retail versions of Adobe-Branded Software. The actions of Defendants

22   complained of herein have diluted and will continue to dilute Plaintiff's Trademarks and are

23   likely to impair the distinctiveness, strength and value of Plaintiff's Trademarks and injure the

24   business reputation of Plaintiff and its marks.

25         65.    Defendants' acts have caused and will continue to cause Plaintiff irreparable

26   harm.  Plaintiff has no adequate remedy at law to compensate it fully for the damages that have

27   been caused and which will continue to be caused by Defendants' unlawful acts, unless they are

28   enjoined by this Court.

66.     As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. §1125(c), Plaintiff is entitled to injunctive relief, including but not limited to preliminary relief, as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Federal Copyright Infringement against Defendants SAMUEL ACHEAMPONG, and DOES 1-10, Inclusive)**

**[17 U.S.C. §501(a)]**

67.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-66.

68.     Plaintiff is the exclusive owner of copyrights in the Adobe-Branded Software along with images and other protectable works related thereto and possesses copyright registrations with the United States Copyright Office relating to the same.

69.     Defendants did not seek and failed to obtain Plaintiff's consent or authorization to import, utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-protected materials.

70.     Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, manufactured and/or distributed Plaintiff's protected works by importing, offering, advertising, promoting, retailing and/or selling counterfeit and/or unauthorized Adobe-Branded Software, which are, at a minimum, substantially similar to Plaintiff's Copyrights.

71.     Defendants' acts as alleged herein, constitute infringement of Plaintiff's Copyrights, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

72.     Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will continue to cause damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief, including

**COMPLAINT FOR DAMAGES**

1   but not limited to preliminary relief, as well as damages, Defendants' profits, increased damages,

2   and reasonable attorney's fees and costs.

3   **FIFTH CAUSE OF ACTION**

4   **(Unlawful, Unfair, Fraudulent Business Practices against Defendants SAMUEL**

5   **ACHEAMPONG, and DOES 1-10, Inclusive)**

6   [*California Business & Professions Code* §17200 *et seq.*]

7       73.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-72.

8       74.     By marketing, advertising, promoting, selling and/or otherwise dealing in the

9   counterfeit and/or unauthorized Adobe-Branded Software bearing Plaintiff's Trademarks,

10  Defendants have engaged in unfair competition including unlawful, unfair and fraudulent

11  business practices in violation of *California Business and Professions Code* §17200 *et seq*.

12      75.     Defendants' marketing, advertising, promoting, selling and/or otherwise dealing

13  in counterfeit and/or unauthorized Adobe-Branded Software is in violation and derogation of

14  Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and

15  the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby

16  causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct

17  was intended to cause such loss, damage and injury.

18      76.     Defendants knew or by the exercise of reasonable care should have known that

19  their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing

20  marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit and/or

21  unauthorized product would cause confusion, mistake or deception among purchasers, users and

22  the public.

23      77.     By marketing, advertising, promoting, selling and/or otherwise dealing in and

24  their continuing marketing, advertising, promoting, selling and/or otherwise dealing in

25  counterfeit and/or unauthorized versions of Adobe-Branded Software bearing Plaintiff's

26  Trademarks, Defendants intended to, did and will induce customers to purchase their products by

27  trading off the extensive goodwill built up by Plaintiff in its marks.

28

**COMPLAINT FOR DAMAGES**

78.     Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, and intended to cause confusion, mistake or to deceive, all in blatant disregard of Plaintiff's rights.

79.     Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from their infringing activity, and Plaintiff's actual and/or compensatory damages.

80.     Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief, including but not limited to preliminary relief.

81.     Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession that rightfully belong to Plaintiff.

### PRAYER OF RELIEF

WHEREFORE, Plaintiff ADOBE SYSTEMS INCORPORATED prays for judgment against Defendants SAMUEL ACHEAMPONG, and DOES 1-10, inclusive, and each of them, as follows:

A. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

B. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

C. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

**COMPLAINT FOR DAMAGES**

1    D.  For an award of Defendants' profits and Plaintiff's damages in an amount to be

2          proven at trial for trademark dilution under 15 U.S.C. §1125(c);

3    E.  In the alternative to actual damages and Defendants' profits for the infringement and

4          counterfeiting of Plaintiff's Trademarks pursuant to the *Lanham Act*, for statutory

5          damages pursuant to 15 U.S.C. §1117(c), which election Plaintiff will make prior to

6          the rendering of final judgment;

7    F.  In the alternative to actual damages and Defendants' profits for the infringement of

8          Plaintiff's Copyrights pursuant to 17 U.S.C. §504(b), for statutory damages pursuant

9          to 17 U.S.C. §504(c), which election Plaintiff will make prior to the rendering of final

10         judgment;

11    G.  For restitution in an amount to be proven at trial for unfair, fraudulent and illegal

12         business practices under *California Business and Professions Code* §17200;

13    H.  For consequential and compensatory damages;

14    I.  For an injunction by this Court prohibiting Defendants from engaging or continuing

15         to engage in the unlawful, unfair, or fraudulent business acts or practices described

16         herein, including the advertising and/or dealing in any counterfeit and/or

17         unauthorized product; the unauthorized use of any mark, copyright or other

18         intellectual property right of Plaintiff; acts of trademark infringement or dilution; acts

19         of copyright infringement; false designation of origin; unfair competition; and any

20         other act in derogation of Plaintiff's rights;

21    J.  For an order from the Court requiring that Defendants provide complete accountings

22         and for equitable relief, including that Defendants disgorge and return or pay their ill-

23         gotten gains obtained from the illegal transactions entered into and/or pay restitution,

24         including the amount of monies that should have been paid if Defendants complied

25         with their legal obligations, or as equity requires;

26    K.  For an order from the Court that an asset freeze or constructive trust be imposed over

27         all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

28    L.  For destruction of the infringing articles in Defendants' possession under 15 U.S.C.

**COMPLAINT FOR DAMAGES**

§1118 and 17 U.S.C. §503;

M.  For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

N.  For damages in an amount to be proven at trial for unjust enrichment;

O.  For Plaintiff's reasonable attorney's fees;

P.  For all costs of suit; and

Q.  For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff ADOBE SYSTEMS INCORPORATED respectfully demands a trial by jury in this action.

DATED: May 12, 2017                              JOHNSON & PHAM, LLP


                                                 By: /s/ Christopher Q. Pham
                                                 Christopher Q. Pham, Esq.
                                                 Nicole Drey Huerter, Esq.
                                                 Attorneys for Plaintiff
                                                 ADOBE SYSTEMS INCORPORATED

**COMPLAINT FOR DAMAGES**